UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:  21-CV-81491-Ruiz/Reinhart

JOSEPH YACINO,

     Plaintiff,

vs.

JAMES C. FLORES,
A.M.I. CORP.,
APRICITY OPERATING CO., LLC,
MORAN YACHT MANAGEMENT, INC., and
M/Y APRICITY

     Defendants.

_____/

**REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS**

**[ECF Nos. 54, 56]**

   Joseph Yacino was injured while working as a crewman on the private yacht M/Y Apricity.  Seeking compensation for his injuries, he has sued the vessel, *in rem,* three corporate entities that own and operate the vessel, and James Flores, an individual who is the ultimate owner of the vessel.  A.M.I. Corp. ("AMI"), Apricity Operating Co., LLC, ("AOCLLC"), Moran Yacht Management, Inc. ("Moran") and M/Y Apricity (collectively "the Corporate Defendants") move to dismiss the Verified Amended Complaint for improper venue.  Mr. Flores moves to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted.

## FACTS

Mr. Yacino was injured while working as a crew member on the M/Y Apricity on June 8, 2021.  ECF No. 47 (Amended Complaint or "AC") ¶¶ 38–52.  He began working on May 31, 2021, as a temporary chef on board the M/Y Apricity. ECF No. 86-1; ECF No. 60-6.  A few days after starting to work, he signed an Employment Agreement (the "Agreement") with AMI.  ECF No. 60-6 ¶ 7.  The Agreement listed AMI as the "Employer" and "Yacht Owner."  ECF No. 86-1 at 1.  It listed Moran as the "DPA" (Designated Person Ashore). *Id.* Kevin Moran signed the Agreement on June 3, 2021, on behalf of AMI as "Employer." *Id.* at 19.  Mr. Yacino signed it on June 2, 2021.  *Id.* By signing the Agreement, he confirmed that he "had the opportunity to review and seek advice on the terms of this Agreement and freely accepts them."  *Id.*

Paragraph 24.1 of the Agreement contained a choice of law clause and a forum selection clause.  It reads:

> This Agreement shall be governed by and construed in accordance with the laws of the Flag State. The Courts of the Flag State shall have exclusive jurisdiction to determine any disputes which arise out of or in connection with this Agreement and each of the parties hereby submits to the exclusive jurisdiction of such courts.

*Id.* at 18–19.

M/Y Apricity is a private pleasure craft.  ECF No. 56-2 ("Flores Aff.") ¶ 8.  When it is not at sea, it generally docks in the Southern District of Florida.  AC ¶ 12. AMI is a Marshall Islands corporation; it is the owner of the M/Y Apricity, which is the sole asset of AMI.  AC ¶ 15; Flores Aff. ¶ 10.  Mr. Flores is an officer of AMI.  Flores

Aff. ¶ 20.  AOCLLC is a Texas LLC that is registered to do business in Florida. AC ¶ 20; Flores Aff. ¶ 17; ECF No. 60-2.  It funded Mr. Yacino's wages.  Flores Aff. ¶ 16. Mr. Flores is the sole member of AOCLLC.  AC ¶ 21; Flores Aff. ¶ 19. Moran is a Florida corporation, which acted as an agent for A.M.I. AC ¶ 10; Flores Aff. ¶ 16.  Mr. Flores is domiciled in Texas.  ECF No. 56-2 ¶ 2.

Mr. Yacino brings claims against Mr. Flores, and the Corporate Defendants for Jones Act negligence, unseaworthiness, failure to provide maintenance and cure, and maritime negligence.

## DISCUSSION

1. *Personal Jurisdiction Over Mr. Flores*

I first address Mr. Flores' jurisdictional challenge. He argues that the Amended Complaint fails to satisfy both the due process clause and the Florida long-arm statute for specific personal jurisdiction.[1]  Mr. Yacino responds that personal jurisdiction arises from the acts of Mr. Flores' co-defendants, which are imputable to Mr. Flores because the co-defendants are his agents.

There are two types of personal jurisdiction: general and specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  General jurisdiction extends to any claim against a defendant, regardless of the connection

---

[1] The Amended Complaint asserted both specific and general personal jurisdiction. Mr. Yacino's response to Mr. Flores' Motion to Dismiss only argued for specific personal jurisdiction.  At oral argument, his counsel confirmed that they are only proceeding under a specific personal jurisdiction theory.

between the claim and the defendant's contacts with the forum; specific jurisdiction extends only to claims with a nexus to those contacts. *Ford Motor Co. v. Montana Eighth Judicial Dist. Court,* 141 S. Ct. 1017, 1024 (2021). In either case, the first question is whether personal jurisdiction exists under the forum state's long-arm statute. Even if personal jurisdiction is authorized under a long-arm statute, the exercise of jurisdiction also must comport with the federal due process clause. *See, e.g., Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339, 1354 (11th Cir. 2013). Elsewhere, I have explained the constitutional analysis as follows:

> To determine if specific personal jurisdiction exists, courts in this Circuit apply a three-part test, considering: (i) "whether the plaintiffs have established that their claims 'arise out of or relate to' at least one of the defendant's contacts with the forum;" (ii) "whether the plaintiffs have demonstrated that the defendant 'purposefully availed' itself of the privilege of conducting activities within the forum state;" and (iii) if the plaintiffs meet their burden regarding the first two prongs, "whether the defendant has 'ma[de] a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice.' " *Waite v. All Acquisition Corp.,* 901 F.3d 1307, 1313 (11th Cir. 2018) (quoting *Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339, 1355 (11th Cir. 2013)) *see generally Ford Motor Co. v. Montana Eighth Judicial Dist. Court,* 141 S. Ct. 1017 (2021) (discussing "relate to" requirement). At a higher level of abstraction, this analysis requires the court to identify the objecting party's contacts with the forum, then assess whether the matter asserted to be within the court's jurisdiction is sufficiently connected to those contacts.

*Heissenberg v. Doe*, No. 21-80716-CIV, 2021 WL 2621100, at *2 (S.D. Fla. June 24, 2021) (J. Reinhart).

From a pleading perspective, Federal Rule of Civil Procedure 8(a)(1) requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). This pleading standard requires the Plaintiff

to allege a *prima facie* case of jurisdiction.  That is, the plaintiff must plead sufficient facts that are entitled to the assumption of truth which, viewed in the light most favorable to the plaintiff, could lead a reasonable finder of fact to conclude that personal jurisdiction exits.  *Storms v. Hoagland Energy Group, LLC,* No. 18-CV-80334, 2018 WL 4347603, at *2 (S.D. Fla. Aug. 17, 2018) (J. Reinhart), *report and recommendation adopted,* 2018 WL 4347604 (S.D. Fla. Sept. 4, 2018) (J. Bloom).

A defendant challenges personal jurisdiction by filing a motion under Federal Rule of Civil Procedure 12(b)(2).  The challenge can be facial or factual.  "[A] motion to dismiss, without more, challenges only the facial sufficiency of the jurisdictional pleading." *Kemin Foods, L.C. v. Omniactive Health Techs., Inc.*, 654 F. Supp. 2d 1328, 1333 (M.D. Fla. 2009) (quoting *Walt Disney Co. v. Nelson,* 677 So. 2d 400 (Fla. 5th DCA 1996).  If the defendant includes affidavits or other evidence in support of the 12(b)(2) motion, the question of personal jurisdiction is resolved by reference to facts outside the four corners of the complaint.  *Id.*  The Court can, but is not required to, conduct an evidentiary hearing to resolve the personal jurisdiction issue.  *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 n.6 (11th Cir. 2004) ("[W]hen a defendant moves to dismiss for lack of personal jurisdiction, an evidentiary hearing is not required.").

Mr. Yacino asserts that specific personal jurisdiction exists under the Florida long-arm statute because Mr. Flores, through his agents, is engaged in a "business or business venture" in Florida.  Under the relevant portion of the long-arm statute:

(1)(a) A person, whether or not a citizen or resident of this state, who

personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:

1.  Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

§ 48.193, Fla. Stat. (2022).  As the Eleventh Circuit has explained:

 "In order to establish that a defendant is 'carrying on business' for the purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Future Tech. Today, Inc. v. OSF Healthcare Sys.,* 218 F.3d 1247, 1249 (11th Cir. 2000) (per curiam). Factors relevant, but not dispositive, to this analysis include the presence and operation of an office in Florida, *see Milberg Factors, Inc. v. Greenbaum,* 585 So.2d 1089, 1091 (Fla. Dist. Ct. App. 1991), the possession and maintenance of a license to do business in Florida, *see Hobbs v. Don Mealey Chevrolet, Inc.,* 642 So.2d 1149, 1153 (Fla. Dist. Ct. App. 1994), the number of Florida clients served, *see Milberg Factors, Inc.,* 585 So.2d at 1091, and the percentage of overall revenue gleaned from Florida clients, *see id.; Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 628 (11th Cir. 1996).

*Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005).

Mr. Yacino has not proffered sufficient facts entitled to the assumption of truth (either in the Verified Amended Complaint or otherwise) to establish a *prima facie* case that Mr. Flores is "carrying on business" in Florida.  The only references in the Amended Complaint to the yacht being used for business purposes are conclusory.  *See* AC ¶ 22(a).  Even assuming Mr. Flores is legally responsible for the actions of all

6

of the co-defendants, it is purely speculative that Mr. Yacino's claim arises from business activity.

Because Mr. Yacino has not established personal jurisdiction under the Florida long-arm statute, I need not reach the question whether exercising personal jurisdiction over Mr. Flores would comport with due process. I also need not reach the question whether the conduct of the corporate defendants is imputable to Mr. Flores under an agency theory. Finally, because the Court lacks jurisdiction over Mr. Flores, I cannot resolve whether the Amended Complaint states a claim upon which relief can be granted. *Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1214 n.6 (11th Cir. 1999) ("A court without personal jurisdiction is powerless to take further action.").

Mr. Flores' Motion to Dismiss should be GRANTED.

The Court must next consider whether to grant Mr. Yacino leave to amend. Federal Rule of Civil Procedure 15 states that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In general, a plaintiff must be given at least one opportunity to amend a complaint. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). "After a plaintiff's first opportunity to amend, leave for additional amendments may be denied because of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previous allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.'" *In Re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 20-MD-2924-RLR, 2021 WL 2865869, at * 23 (S.D. Fla. July

7

8, 2021) (J. Rosenberg) (citing *Andrx Pharms., Inc. v. Elan Corp.*, PLC, 421 F.3d 1227, 1236 (11th Cir. 2005)). Denial of leave to amend is justified by futility when the complaint as amended would still be subject to dismissal. *See, e. g.*, *Christman v. Walsh*, 416 Fed. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning the amended complaint would not survive a motion to dismiss.").

Mr. Yacino has already filed one Amended Complaint. He was also permitted to conduct limited jurisdictional discovery. Permitting a Second Amended Complaint against Mr. Flores would be futile. It does not appear that Mr. Yacino can allege sufficient facts to plausibly allege that his injuries arise from, or are related to, Mr. Flores carrying on a business in Florida.

2. *Corporate Defendants' Motion to Dismiss*

The Corporate Defendants seek dismissal of the Amended Complaint under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). ECF No. 54 at 1; ECF No. 85 at 2 ("In the instant matter, the lion's share of Defendants' motion to dismiss is based upon the forum selection clause and is brought under Fed. R. Civ. P. 12(b)(3) rather than Fed. R. Civ. P. 12(b)(6), and the entire matter is dismissible solely based on Fed. R. Civ. P. 12(b)(3)."). They allege that venue in this District is improper and that, alternatively, the Amended Complaint fails to state a claim upon which relief can be granted.

a. Rule 12(b)(3) does not justify dismissal of Mr. Yacino's claims

The Corporate Defendants invoke the wrong procedural mechanism to enforce a forum selection clause. They are not entitled to relief under Rule 12(b)(3) because venue in this District is not "improper."[2] "In 2013, the Supreme Court [unanimously] in *Atlantic Marine Construction Co. v. United States District Court* declared that 'the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*,' not through a Rule 12(b)(3) motion." *Reed v. Royal Caribbean Cruises Ltd.*, 20-CV-24979-RAR, 2021 WL 4307048, at *5 (S.D. Fla. Sept. 22, 2021) (J. Ruiz) (citing 571 U.S. 49, 60 (2013)). The correct vehicle to enforce a valid forum selection clause is a motion asserting *forum non conveniens*, and applying the modified approach adopted by the Supreme Court. *Id.* at *6 (citing *Atl. Marine*, 571 U.S. at 63):

> "Under that version [of the *forum non conveniens* principle], the burden is on the plaintiff to show that dismissal of the complaint is unwarranted, and a court may weigh only public interest factors in determining if a plaintiff has met this burden." *Pappas [v. Kerzner Intern. Bahamas Ltd.]*, 585 F. App'x at 964. Courts "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Atl. Marine*, 571 U.S. at 64. "Thus, a district court now must consider an enforceable forum-selection clause in the *forum non conveniens* analysis." *GDG Acquisitions, LLC [v. Gov. of Belize]*, 749 F.3d at 1029. "[A]n enforceable forum-selection clause carries near-determinative weight" in the *forum non conveniens* analysis. *Id.* at 1028.

*Reed,* 2021 WL 4307048, at *6; *see also Don't Look Media LLC v. Fly Victor Ltd.*, 999

---

[2] In fact, but for the forum selection clause, it appears venue would be proper because Moran, a Florida corporation, is subject to general personal jurisdiction in this District. *See* 28 U.S.C. §1391(b)(3).

F.3d 1284, 1295 (11th Cir. 2021) (it is "procedurally improper for the defendants to seek to enforce the forum selection clauses by means of a Rule 12(b)(3) motion to dismiss for improper venue rather than by filing a motion to dismiss for *forum non conveniens*).

Although they argue that the forum selection clause is valid and enforceable, the Corporate Defendants neither cite nor discuss the proper controlling legal principles. Their briefing never mentions the modified *forum non conveniens* test. Instead, they cite pre-*Atlantic Marine* cases that are no longer good law:

> The Eleventh Circuit has held that a motion to dismiss based on the applicability of a forum selection clause that would require the parties to litigate in a foreign country is properly analyzed as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). *Lipcon v. Underwriters at Lloyd's, London,* 148 F.3d 1285, 1290 (11th Cir. 1998); *Hollis v. Fla. State. Univ.,* 259 F.3d 1295, 1300 n.5 (11th Cir. 2001); *Liles v. Ginn-La West End,* 631 F.3d 1242, 1245 (11th Cir. 2011); *Quail Cruises Ships Mgmt., Ltd. v. Agencia de Viagens DVD Tur Limitada,* 2011 U.S. Dist. LEXIS 107126 (S.D. Fla. 2011).

ECF No. 85 at 2 (reply brief). They repeatedly assert that the claims in the Amended Complaint "should be dismissed for improper forum." ECF No. 54 at 7–9.

How is the Court to deal with this situation? The Corporate Defendants argue that the forum selection clause requires dismissal of the claims against them. They may be right, but they have not made the correct legal argument to justify that relief. It is not for the Court to address legal arguments not made, or preserved, by the parties:

> The Supreme Court recently—and unanimously—reiterated the elemental truth that "[i]n our adversarial system, we follow the principle of party presentation," pursuant to which " 'we rely on the parties to

10

frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.' " *United States v. Sineneng-Smith*, —— U.S. ——, 140 S. Ct. 1575, 1579, 206 L. Ed. 2d 866 (2020) (quoting *Greenlaw v. United States*, 554 U.S. 237, 243, 128 S. Ct. 2559, 171 L. Ed. 2d 399 (2008)).

*United States v. Campbell*, No. 16-10128, 2022 WL 468677, at *24 (11th Cir. Feb. 16, 2022) (Newsom and Jordan, J.J., concurring).  A legal argument that is not timely asserted is forfeited.  *Id.*  at *6 (en banc majority opinion).  For example, a party cannot raise an issue for the first time in a reply pleading.  *See Guy Roofing, Inc. v. Angel Enter., LLC*, No. 17-14081-CIV, 2017 WL 8890873, at *3 (S.D. Fla. Sept. 6, 2017) (J. Maynard) (collecting cases), *report and recommendation adopted*, 2017 WL 8890874 (S.D. Fla. Sept. 26, 2017) (J. Rosenberg).  But, "courts do have the ability to 'resurrect' forfeited issues *sua sponte* in 'extraordinary circumstances.'"  *Campbell*, 2022 WL 468677 at *7.

The Corporate Defendants ask this Court to dismiss the Amended Complaint under the authority of Rule 12(b)(3) because (they argue), the forum selection clause of the Employment Agreement makes venue here *improper*.  They are incorrect.  They have not established that extraordinary circumstances exist that should excuse their failure to properly raise this issue. Therefore, the Motion to Dismiss should be denied on procedural grounds.  *Alon v. Am. Express Travel Related Serv. Co., Inc.,* No. 08-61897-CIV, 2009 WL 10668909, at *1 (S.D. Fla. May 14, 2009) (J. Cohn) (denying, on procedural grounds, motion under Rule 12(b)(3) to enforce forum selection clause).

Nevertheless, in the interest of completeness, I will address other arguments raised by the parties.

11

b. <u>The Scope and Enforceability of the Forum Selection Clause</u>

As they conceded at oral argument, the Corporate Defendants' motion to dismiss depends on whether they can enforce the forum selection clause of the Employment Agreement. There are three separate, but related, questions. First, may I consider the Employment Agreement at this stage of the litigation. Second, is it enforceable by one or more of the Corporate Defendants. Third, does it apply to all of the causes of action alleged in the Amended Complaint.

(i)    *The Court can consider the Employment Agreement*

I may consider the Employment Agreement. Mr. Yacino argues that this Agreement cannot be considered because it is not referenced in, nor appended to, the Amended Complaint. He confuses the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim with the standard for a *forum non conveniens* motion. Under Rule 12(b)(6), the Court may only consider the four corners of the complaint plus any documents (1) appended to it or (2) referenced in it, central to the claims, and of undisputed authenticity. *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002). In contrast:

> "When ruling on a motion to dismiss for *forum non conveniens*, a court may 'consider matters outside the pleadings if presented in proper form by the parties.' " *Turner v. Costa Crociere S.P.A.*, 488 F. Supp. 3d 1240, 1246 (S.D. Fla. 2020) (quoting *MGC Commc'ns, Inc. v. BellSouth Telecomm., Inc.*, 146 F. Supp. 2d 1344, 1349 (S.D. Fla. 2001)). "Additionally, in considering a motion to dismiss for *forum non conveniens*, a court must accept the facts in the plaintiff's complaint as true, 'to the extent they are uncontroverted by the defendants' affidavits.' " *Id.* (quoting *S & Davis Int'l, Inc. v. Republic of Yemen*, 218 F.3d 1292, 1303 (11th Cir. 2000)). "When affidavits conflict, the court is inclined to give greater weight to the plaintiff's version of the

12

jurisdictional facts and to construe such facts in the light most favorable to the plaintiff." *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990).

*Reed*, 2021 WL 4307048, at \*6.

(ii)    *The forum selection clause is not enforceable*

Forum selection clauses are presumptively valid and enforceable "unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.,* 579 F.3d 1279, 1281 (11th Cir. 2009) (per curiam). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Id.* The plaintiff bears the burden of proving that the forum selection clause is unenforceable. *Cornett v. Carrithers*, 465 F. App'x 841, 843 (11th Cir. 2012) (per curiam).

I find that Mr. Yacino has made the requisite strong showing that enforcing this forum selection clause would be unreasonable or unfair. He argues the forum selection clause is unenforceable because there was an imbalance in the bargaining power between the parties. ECF No. 60 at 17. He cites to his undisputed affidavit swearing that he was first presented with the Employment Agreement after working for three days, and when he was already on board the vessel. ECF No. 60-6 at 2. The affidavit is corroborated by the Agreement, which is dated May 31, 2021, but is not signed by Mr. Yacino until June 2 or by Mr. Moran until June 3. The Corporate

13

Defendants respond that Mr. Yacino "was provided a copy of the contract in Fort Lauderdale *before the vessel left for the Bahamas*. Had Plaintiff disagreed with any of the terms of the contract, he was free to leave the vessel without consequence." ECF No. 85 at 5 (emphasis in original). But, there is no evidence in the record of when the vessel left port. And, Mr. Yacino swears that he was told he "was required to sign [the Agreement and] no further explanation of the contents of the contract was provided." ECF No. 60-6 at 2. This sworn statement is contradicted by language beneath his signature on the Agreement, which says he "had the opportunity to review and seek advice on the terms of this Agreement and freely accepts them." At this procedural stage, I must resolve this factual dispute in Mr. Yacino's favor.

I also note the following additional facts. The Agreement is 19 pages long, single-spaced. Mr. Yacino is a chef; there is no evidence he has legal training.[3]

I find Mr. Yacino's reliance on *Rozanska v. Princess Cruise Lines, Ltd.,* No. 07-23355-CIV, 2008 WL 8883868 (S.D. Fla. Aug 5, 2008) (J. Gold) to be persuasive. In that case, a crew member on a vessel sued for damages under the Jones Act and general maritime law based on failure to diagnose and treat her breast cancer. The defendant sought to enforce a forum selection clause in the plaintiff's employment

---

[3] Mr. Yacino does not directly argue that the forum selection clause is unenforceable because transferring this case to the Marshall Islands would effectively deprive him of his day in court. But, it would. According to Google Earth, the Marshall Islands are approximately 7,200 miles from West Palm Beach. Mr. Yacino's pay was $8500 per month. ECF No. 54-1 at 20. It is self-evident that he would lack the ability to litigate his claim in that forum.

agreement that required "disputes relating to or in any way arising out of this Agreement" to be litigated in Poland or Bermuda.[4]   The Court concluded that the plaintiff had met her "heavy burden" of showing that the forum selection clause was unenforceable. The Court noted the "complete imbalance in bargaining power" between the parties to the employment agreement.  It also noted that Bermuda law did not recognize causes of action analogous to the Jones Act or to the maritime claim for maintenance and cure.  Thus, the practical effect of the forum selection clause was to deprive the plaintiff of these causes of action.

This is not a situation where two relatively equal bargainers negotiated a knowing and fair agreement.  *C.f. Webster v. Royal Caribbean Cruises, Ltd.,* 124 F. Supp. 2d 1317, 1323 (S.D. Fla. 2000) (J. Gold).  Viewing the facts in the light most favorable to Mr. Yacino, the forum selection clause is unenforceable.

Mr. Yacino argues that the forum selection clause is unenforceable because it denies him his right to a trial by jury, as required under the Jones Act.  I disagree. The forum selection clause does not, by its terms, deprive Mr. Yacino of any rights or remedies.[5]  It merely states that the courts of the Marshall Islands are the exclusive

---

[4] The Court also addressed whether the case should be dismissed based on *forum non conveniens* principles independent of the forum selection clause.  2008 WL 8883868 at *3–4.  As the Supreme Court made clear in *Atlantic Marine,* the existence of a valid forum selection clause materially modifies the traditional *forum non conveniens* analysis. 571 U.S. at 60–61.

[5] Because Defendant's Motion rises or falls based on the forum selection clause, I do not reach the question of whether the choice-of-law provision in the Agreement is enforceable.

jurisdiction to hear Mr. Yacino's claims.  Mr. Yacino has not shown that the courts of the Marshall Islands will not afford him a jury trial and/or will not apply U.S. laws under applicable choice-of-law principles.

Mr. Yacino argues that the forum selection clause, even if enforceable, does not apply to his claims. The forum selection clause applies to "any disputes which arise out of or in connection with th[e] Agreement."  Mr. Yacino argues that his claims are all maritime torts that are unrelated to the Agreement.  In response, the Corporate Defendants summarily say, without any citation to legal authority, "The forum selection clause encompasses all disputes related to Plaintiff's employment against the vessel – not just those between Plaintiff and A.M.I [and all of] the claims of unseaworthiness, claims relating to the doctrine of maintenance and cure or the allegations under general maritime law . . .  are in connection with or are related to Plaintiff's work aboard the subject vessel."  ECF No. 85 at 3–4.

Mr. Yacino's claims all arise from the relationship evidenced by the Agreement – while working on the vessel as a contracted laborer, he was injured.  These claims are all "in connection with" the Agreement.  *See ECB USA v. Savencia, S.A.,* No. 1:18-CV-24755-UU, 2019 WL 8267072, at *4–5 (S.D. Fla. Apr. 24, 2019) (J. Ungaro). "A federal court should construe forum selection clauses broadly, and should interpret the clauses 'by reference to ordinary contract principles.  In cases such as this, where the contracts at issue contain a broad forum-selection clause applying to '[a]ny suit . . . arising out of or in connection with ' an agreement, federal courts have no trouble finding statutory and tort claims 'arising directly or indirectly from the relationship

16

evidenced by the contract to fall within the scope of the clause." *Vernon v. Stabach,* No. 13-62378-CIV, 2014 WL 1806861 at *4 (S.D. Fla. May 7, 2014) (J. Cohn) (internal citations omitted) (brackets and ellipses in original). This Court has specifically held that contractual forum selection clauses are not *per se* invalid as applied to Jones Act claims. *Nayak v. Star Clippers, Ltd. Corp.*, No. 12-23768-CIV, 2014 WL 1406438, at *3 (S.D. Fla. Mar. 11, 2014) (J. McAlily) (citing cases applying forum selection clauses to Jones Act claims), *report and recommendation adopted*, 2014 WL 1413497 (S.D. Fla. Apr. 10, 2014).

Mr. Yacino next argues that the Corporate Defendants other than AMI cannot invoke the forum selection clause. By its own terms, the forum selection clause applies only to "the parties" to the Agreement. ECF No. 56-1 at 18–19 ("each of the *parties* hereby submits to the exclusive jurisdiction of [the Marshall Islands] courts.") (emphasis added); *see also* ECF No. 56-1 at 1 ("No edits, amendments, or additions [sic] to this agreement shall be valid unless such changes are entered into appendix one as a numbered clause and this agreement signed by both *parties.*") (emphasis added).

In response, the Corporate Defendants cite three cases for the proposition that the forum selection clause can be invoked by non-parties who are "closely related" to the dispute. ECF No. 85 at 3–4.

They first cite the Eleventh Circuit decision in *Lipcon v. Underwriters at Lloyd's, London,* 148 F.3d 1285, 1292 (11th Cir. 1998). That case involved an alleged securities fraud. The question presented was "whether the anti-waiver provisions of

the United States securities laws preclude enforcement of certain choice-of-law and forum-selection clauses in international agreements." *Id.* at 1287. The plaintiffs had agreed to provide underwriting capital to Lloyds. Their spouses executed letters of credit to collateralize the investment. The plaintiffs executed a subscription agreement with Lloyds that gave exclusive jurisdiction to the courts of England over any dispute arising from the funding relationship. Their spouses did not sign any agreement with Lloyds. After suffering financial losses on the investment, the plaintiffs sued Lloyds in the Southern District of Florida. Lloyds moved to dismiss the suit based on the forum selection clause. The district court granted the motion to dismiss; it also held that the forum selection clause could be enforced against the spouses even though they were not signatories to the subscription agreement.

The Eleventh Circuit affirmed the district court's ruling. It said, "In order to bind a non-party to a forum selection clause, the party must by 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." *Id.* at 1299. It then affirmed the district court's conclusion that "the interests of the spouses in this dispute are completely derivative of those of the Name plaintiffs – and thus 'directly related to, if not predicated upon' the interests of the Name plaintiffs." *Id.*

The Corporate Defendants also cite *Hugel v. Corporation of Lloyd's,* 999 F.2d 206, 209 (7th Cir. 1993) and *Manetti-Farrow, Inc. v. Gucci Am., Inc.,* 858 F.2d 509, 514 n. 5 (9th Cir. 1988), both of which were cited in *Lipcon.* In *Hugel,* the individual plaintiff had signed a subscription agreement with Lloyds that contained a forum selection clause in favor of the courts of England. Lloyds later investigated the

18

individual plaintiff for wrongdoing but found no evidence of misconduct.  The plaintiff and his two corporations (one of which he wholly owned, the other of which he owned 99%) sued Lloyds seeking damages because Lloyd's allegedly breached the confidentiality of the investigation.  Lloyd's moved to dismiss based on the forum selection clause in the subscription agreement.  The Seventh Circuit affirmed the district court's dismissal order.  It also held that the forum selection clause could be enforced against the non-signatory corporations.  It relied on the facts that the individual plaintiff controlled both companies and had supplied information belonging to those companies during Lloyds' investigation.  Based on these facts, the corporations were "closely related" to the dispute such that it was "foreseeable" that they would be bound by the forum selection clause.  *Id.* at 209–10.

In *Manetti-Farrow,* the plaintiff executed an exclusive dealership contract with Gucci Parfums.  That contract included a forum selection clause requiring any disputes to be resolved in Italy.  After a breakdown in the business relationship, the plaintiff sued six defendants, including Gucci Parfums, in the Northern District of California.  The district court dismissed all the claims based on the forum selection clause. The Ninth Circuit affirmed.  Its sole discussion of whether the forum selection clause could apply to non-signatories was in a footnote that read, in full:

> Manetti–Farrow argues the forum selection clause can only apply to Gucci Parfums, which was the only defendant to sign the contract. However, "a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses." *Clinton v. Janger,* 583 F. Supp. 284, 290 (N.D. Ill.1984) (citing *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 202–03 (3d Cir.), *cert. denied,* 464 U.S. 938, 104 S. Ct. 349, 78 L.Ed.2d 315 (1983)).

> We agree with the district court that the alleged conduct of the non-parties is so closely related to the contractual relationship that the forum selection clause applies to all defendants.

*Manetti-Farrow,* 858 F.2d at 514 n.5.

The *Lipcon* Court also cited *Dayhoff, Inc. v. H.J. Heinz Co.,* 86 F.3d 1287, 1297 (3d Cir. 1996). The Corporate Defendants do not cite this case. There, the plaintiff had an exclusive license to distribute a particular candy in the United States. The license agreements contained mandatory arbitration and forum selection clauses requiring disputes to be resolved in Italy. As relevant here, the contracting parties were Dayhoff and Heinz Dolciaria, a subsidiary of H.J. Heinz, Co.

Later, a different subsidiary of H.J. Heinz (Heinz Italia) sold its confectionary business to Hershey Foods. As a condition of the sale, Heinz Italia terminated the licensing agreements with Dayhoff. Dayhoff sued H.J. Heinz, Co., Heinz Italia, Heinz Dolciaria, and Hershey Foods in the Western District of Pennsylvania. The district court dismissed some of the claims, including claims against non-signatories to the licensing agreements, based on the Italian forum selection clause.

On appeal, Dayhoff argued, in part, that the forum selection clause did not apply to the non-signatory defendants. The Third Circuit agreed and reversed the dismissal order. Relying on the Supreme Court's decision in *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938 (1995), it held that a forum selection clause in a contract is only binding on the signatories to the contract, unless the non-signatory had an agency relationship with a signatory or the non-signatory's claims are derivative of a

signatory's.  86 F.3d at 1296.  It rejected the reasoning of *Manetti-Farrow*.  *Id.* at 1295–96.  It also said:

> We also point out that Heinz Italia and H.J. Heinz should not by reason of their corporate relationship with Heinz Dolciaria be able to invoke the arbitration and forum selection clauses, for there is no more reason to disregard the corporate structure with respect to such claims as there would be to disregard it with respect to other legal matters. If Heinz Italia and H.J. Heinz wanted to be able to invoke the arbitration and forum selection clauses, they should have directed Heinz Dolciaria to include appropriate language in the 1989 and 1990 agreements allowing them to do so.

*Dayhoff Inc.,* 86 F.3d at 1297.

More recently, the Eleventh Circuit discussed this issue in *Stiles v. Bankers Healthcare Group, Inc.,* 637 Fed. Appx. 556, 561–62 (11th Cir. 2016).  In that case, plaintiff borrowed approximately $600,00 from the defendant.  He executed a promissory note, personal guaranty, and security agreement.  His wife was not a signatory.  The documents included a forum selection clause allowing the lender to sue in either New York or Florida.

After defaulting on the loan, but before the lender filed suit, the borrower and his wife sued the lender in Alabama alleging that the loan documents violated the Truth In Lending Act and other claims.  On the lender's motion to dismiss, the court enforced the forum selection clause against both the borrower and his wife.

One of the issues on appeal was whether the forum selection clause could be enforced against the non-signatory wife.  *Id.* at 561–62.  The Court of Appeals found the forum selection clause enforceable because the wife's claims were "derivative of and directly related to her husband's."  *Id.* at 562.

21

In *Lincon, Hugel,* and *Stiles,* a signatory defendant sought to enforce the forum selection clause against a non-signatory plaintiff. In *Manetti-Farrow* and *Dayhoff,* a non-signatory defendant sought to enforce the forum selection clause against a signatory plaintiff. This case is procedurally congruent with *Manetti-Farrow* and *Dayhoff*; several non-signatory defendants are seeking to enforce the forum selection clause against Mr. Yacino, a signatory to the Agreement.

Turning to the present case, AOCLLC cannot invoke the forum selection clause because it was not foreseeable to Mr. Yacino that a claim against AOCLLC could arise from his employment status. There is no mention of AOCLLC in the Agreement, nor is there any evidence that at the time the Agreement was executed Mr. Yacino knew that AOCLLC existed or had any role in the operation of the vessel. Therefore, it was not foreseeable that AOCLLC would be bound by the forum selection clause.

M/Y Apricity can invoke the forum selection clause. Mr. Yacino was accepting employment aboard that vessel. It was entirely foreseeable that he would accrue legal claims during that employment.

Moran is a close question. The Agreement identifies Moran as the DPA, and Kevin Moran signed the Agreement on behalf of AMI. Based on these facts, it was foreseeable to Mr. Yacino that claims could arise against Moran in its role as an agent of the vessel owner.

c. Rule 12(b)(6)

The Corporate Defendants conceded at oral argument that their 12(b)(6) motion rose or fell based on the enforceability of the forum selection clause. As

discussed above, that clause is unenforceable.  In any event, Rule 12(b)(6) does not require dismissal of Mr. Yacino's claims.  The Corporate Defendants' Motion to Dismiss states, "Pursuant to the choice of law clause, designating the laws of the Republic of the Marshall Islands (hereinafter 'RMI') as governing Plaintiff's employment, Counts 4, 7, and 10 (brought pursuant to U.S. statutes) are properly dismissed for failure to state a cause of action under RMI law."  ECF No. 54 at 3–4.  But, the motion does not analyze RMI law, including whether the Marshall Islands would apply the Jones Act and other U.S. legal claims under its own choice of law principles.  The Corporate Defendants have not met their burden of showing that the Amended Complaint fails to state a plausible claim upon which relief can be granted.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court **GRANT** Defendant Flores' motion to dismiss for lack of personal jurisdiction (ECF No. 56) and **DENY** the Corporate Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) (ECF No. 54).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodolfo A. Ruiz, II, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file

objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 3rd day of March 2022.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE