UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-81491-RAR

**JOSEPH YACINO**,

    Plaintiff,

v.

**JAMES C. FLORES**, *et al.*,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING IN PART REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Bruce E. Reinhart's Report and Recommendation [ECF No. 88] ("Report"), entered on March 3, 2022. The Report recommends that the Court grant Defendant Flores's Motion to Dismiss Counts I, II, and III of Plaintiff's Verified Amended Complaint [ECF No. 56] and deny Defendants A.M.I. Corp.; Apricity Operating Co., LLC; Moran Yacht Management, Inc.; and M/Y Apricity's (collectively "the Corporate Defendants") Motion to Dismiss Plaintiff's Verified Amended Complaint [ECF No. 54]. Report at 23. Defendants filed notices of non-objection to the Report. [ECF Nos. 89, 90]. Plaintiff timely filed objections to the Report on March 15, 2022 [ECF No. 91] ("Objections").

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Plaintiff timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Reinhart's legal and factual findings.

The Court having carefully reviewed the motions [ECF Nos. 54, 56], the motion briefs [ECF Nos. 70, 73, 84, 85], the Report, the Objections, the factual record, and applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 88] is **AFFIRMED AND ADOPTED** *in part*.

2. The Corporate Defendants' Motion to Dismiss Plaintiff's Verified Amended Complaint [ECF No. 54] is **DENIED**. The Court adopts the Report insofar as it finds that the Corporate Defendants invoke the wrong procedural mechanism to enforce a forum selection clause. Report at 9. The Court need not reach the other issues regarding the scope and enforceability of the forum selection clause.

3. Defendant Flores's Motion to Dismiss Counts I, II, and III of Plaintiff's Verified Amended Complaint [ECF No. 56] is **GRANTED**. The Court adopts the Report insofar as it finds that dismissal is appropriate on the ground that Plaintiff has not established personal jurisdiction under the Florida long-arm statute. Although the Report is technically correct that Plaintiff has already filed one amended complaint, Report at 7–8, that amendment was filed as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). Plaintiff has not yet amended his complaint by leave of the Court, and "[t]he [C]ourt should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see also Bryant v. Dupree*, 252 F.3d 1161, 1163–64 (11th Cir. 2001) ("The Amended Complaint was filed as a matter of course, and until the renewed motion to dismiss came before the court, the plaintiffs had not asked for leave to amend. Therefore, it cannot be said that the plaintiffs already had been given an opportunity to amend or that the plaintiffs repeatedly had failed to cure deficiencies through

previously allowed amendments."). Therefore, the Court grants Plaintiff leave to amend. Plaintiff shall file a second amended complaint on or before **April 27, 2022**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of March, 2022.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**